IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FUZZYSHARP TECHNOLOGIES,                           No. C 05-01318 CW

   v.                                              **AMENDED**
                                                   MINUTE ORDER AND
ATI TECHNOLOGIES, INC.,                            CASE MANAGEMENT
_____/                   ORDER

Clerk: Sheilah Cahill        Reporter: Diane Skillman
Plaintiff Attorney: David Fink
Defendant Attorney: Thom Tornay; Matthew McCarthy

     A case management conference was held on: 8/12/05.  The Case
Management Statement and Proposed Order filed by the parties is
hereby adopted by the Court as the Case Management Order for the
case, except as may be noted below.  The Court's standard Order for
Pretrial Preparation also applies.

The case is hereby referred to the following ADR process:
Non-binding Arbitration:    [ ]  Early Neutral Evaluation: [ X ]
Court-connected mediation: [ ]     Private mediation:  [ ]
Magistrate Judge settlement conference: [ ]
ADR session to be held by:                              01/31/06
(or as soon thereafter as is convenient to the mediator's schedule)

Deadline to add additional parties or claims:           11/10/05
Date of next case management conference:                09/15/06

Completion of Fact Discovery:                           05/03/06
Disclosure of identities and reports of expert witnesses:04/03/06
Completion of Expert Discovery:                         05/03/06

All case-dispositive motions and **Claim Construction Hearing**
 to be heard at 10:00 AM on or before:                  09/15/06
Final Pretrial Conference at 1:30 P.M. on:              11/17/06
An 8 day Jury Trial will begin at 8:30 A.M. on:         12/04/06

Additional Matters:  Copy of Court's Order for Pretrial Preparation
given to attys in court.  **Plaintiff to file opening Claim
Construction/Dispositive motion contained within one brief on
6/30/06; Defendant's Claim Construction/Cross dispositive motion
contained within one brief due 7/28/06; Plaintiff reply/opposition
due 8/11/06; Defendant surreply due 8/18/06.  FCMC will be held
on 9/15/06 at 10:00 (or on whatever date Claim
Construction/dispositive motions are heard).** See attached for Claim
Construction dates.

     IT IS SO ORDERED.

Dated: 9/8/05                          /s/ CLAUDIA WILKEN
                                       CLAUDIA WILKEN
                                       United States District Judge

United States District Court
For the Northern District of California

Copies to:   Chambers; ADR

United States District Court

For the Northern District of California

<u>CLAIM CONSTRUCTION DATES</u>

| | |
|---|---|
| Plaintiff's Disclosure of Preliminary Infringement Contentions and Document Production under Patent L.R. 3-1 & 3-2 | August 26, 2005 |
| Defendant's Disclosure of Preliminary Invalidity Contentions and Document Production under Patent L.R. 3-3 & 3-4 | October 11, 2005 |
| Exchange Proposed Terms and Elements for Construction (Patent L.R. 4-1) | November 18, 2005 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | December 16, 2005 |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | January 9, 2006 |
| Claim Construction Discovery Cutoff (Patent L.R. 4-4) | February 9, 2006 |

United States District Court

For the Northern District of California

1

<u>NOTICE</u>

2

3

4

5     Criminal Law and Motion calendar is conducted on Mondays at

6     2:00 p.m. (in custody) and 2:30 p.m. (not in custody).  Civil

7     Law and Motion calendar is conducted on Fridays at 10:00 a.m.

8     Case Management Conferences and Pretrial Conferences are

conducted on Fridays at 1:30 p.m.  Order of call is determined

9     by the Court.  Counsel need not reserve a hearing date for civil

10    motions; however, counsel are advised to check the legal

11    newspapers or the Court's website at www.cand.uscourts.gov for

12    unavailable dates.

13

14

15    Motions for Summary Judgment:  All issues shall be

16    contained within one motion and shall conform with Civil L.R. 7-

17    2.  Separate statements of undisputed facts in support of or in

18    opposition to motions for summary judgment will not be

19    considered by the Court.  (<u>See</u> Civil Local Rule 56-2(a)).  All

20    briefing on motions for summary judgment must be included in the

21    memoranda of points and authorities in support of, opposition

22    to, or reply to the motion, and must comply with the page limits

23    of Civil Local Rule 7-4.  The memoranda should include a

24    statement of facts supported by citations to the declarations

25    filed with respect to the motion.  Cross or counter-motions

26    shall be contained within the opposition to any motion for

27    summary judgment and shall conform with Civil L.R. 7-3.  The

28    Court may, *sua sponte* or pursuant to a motion under Civil L.R.

6-3, reschedule the hearing so as to give a moving party time to

file a surreply to the cross or counter-motion.

1

2         All DISCOVERY MOTIONS are referred to a Magistrate Judge to

3     be heard and considered at the convenience of his/her calendar.

4     All such matters shall be noticed by the moving party for

5     hearing on the assigned Magistrate Judge's regular law and

6     motion calendar, or pursuant to that Judge's procedures.

7         .

8

9

10    (rev. 5/11/05)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

ORDER FOR PRETRIAL PREPARATION

PRETRIAL CONFERENCE

1.  Not less than 30 days prior to the pretrial conference, counsel shall **exchange** (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

2.  At least 20 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

        (a)  Preparation and content of the joint pretrial conference statement;

        (b)  Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation.  To the extent such differences are not resolved, parties will present the

issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and

     (c)   Settlement of the action.

3.   Not less than 10 days prior to the pretrial conference, counsel shall submit the following.

     (a)   Pretrial Conference Statement.  The parties shall file a joint pretrial conference statement containing the following information:

(1)   The Action.

     (A) Substance of the Action.  A brief description of the substance of claims and defenses which remain to be decided.

     (B)   Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

        (2)   The Factual Basis of the Action.


        (A)   Undisputed Facts.   A plain and concise statement

of all relevant facts not reasonably disputed.


        (B)   Disputed Factual Issues.   A plain and concise

statement of all disputed factual issues which remain to be

decided.


        (C)   Agreed Statement.   A statement assessing whether

all or part of the action may be presented upon an agreed

statement of facts.


        (D)   Stipulations.   A statement of stipulations

requested or proposed for pretrial or trial purposes.


(3)   Disputed Legal Issues.    Without extended legal

argument, a concise statement of each disputed point of law

concerning liability or relief.


(4)   Further Discovery or Motions.   A statement of all

remaining discovery or motions.


(5)   Trial Alternatives and Options.

United States District Court

For the Northern District of California

(A)   Settlement Discussion.   A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B)   Consent to Trial Before a Magistrate Judge.   A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C)   Bifurcation, Separate Trial of Issues.   A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6)   Miscellaneous.   Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b)   Exhibit List and Objections.   The exhibit list shall list each proposed exhibit by its number, description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which

it is admitted into evidence.  **No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave of the Court for good cause shown.**  Parties shall also deliver a set of premarked exhibits to the Courtroom Deputy.  The exhibit markers shall each contain the name and number of the case, the number of the exhibit, and blanks to accommodate the date admitted and the Deputy Clerk's initials.  (Appropriate sample forms are available on the Court's website at www.cand.uscourts.gov).  Any objections to exhibits which remain after the pretrial meeting shall be indicated in the pretrial statement.

        (c)  Witness List.  In addition to the requirements of FRCivP 26(a)(3)(A), a brief statement describing the substance of the testimony to be given by each witness who may be called

at trial.  **No party shall be permitted to call any witness in its case-in-chief that is not disclosed in its pretrial statement without leave of Court for good cause shown.**

(d)  Use of Discovery Responses.  In addition to the requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from interrogatory answers or from responses for admissions intended to be offered at trial.  Counsel shall indicate any objections to use of these materials and that counsel have conferred respecting such objections.

(e)  Trial briefs.  Briefs on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, which remain after the pretrial meeting.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

        (f)  Motions in Limine.  Any motions in limine that

could not be settled at the pretrial meeting shall be filed with

the pretrial statement.  All motions in limine shall be

contained within one document, limited to 25 pages pursuant to

Civil L.R. 7-2(b), with each motion listed as a subheading.

Opposition to the motions in limine shall be contained within

one document, limited to 25 pages, with corresponding

subheadings, and filed five (5) days thereafter.

        (g)  Joint Proposed Voir Dire.  The attached voir dire

questionnaire will be given to the venire members, and copies of

the responses will be made available to counsel at the beginning

of voir dire.  Counsel may submit a set of additional requested

voir dire, to be posed by the Court, to which they have agreed

at the pretrial meeting.  Any voir dire questions on which

counsel cannot agree shall be submitted separately.  Counsel may

be allowed brief follow-up voir dire after the Court's

questioning.

     (h)  Joint Proposed Jury Instructions.  Jury

instructions §1.1 through §1.12, §1.13 through §2.2, and §3.1

through §4.3 from the Manual of Model Civil Jury Instructions

for the Ninth Circuit (2001 Edition) will be given absent

objection.  Counsel shall jointly submit one set of additional

proposed jury instructions, to which they have agreed at the

pretrial meeting.  The instructions shall be ordered in a

logical sequence, together with a table of contents.  Any

instruction on which counsel cannot agree shall be marked as

"disputed," and shall be included within the jointly submitted

instructions and accompanying table of contents, in the place

**United States District Court**
For the Northern District of California

where the party proposing the instruction believes it should be

given.  Argument and authority for and against each disputed

instruction shall be included as part of the joint submission,

on separate sheets directly following the disputed instruction.

Whenever possible, counsel shall deliver to the Courtroom

Deputy a copy of their joint proposed jury instructions on a

computer disk in WordPerfect or ASCII format.  The disk label

should include the name of the parties, the case number and a

description of the document.

(I)  Proposed Verdict Forms, Joint or Separate.

(j)  Proposed Findings of Fact and Conclusions of Law

(Court Trial only).  Whenever possible, counsel shall deliver to

the Courtroom Deputy a copy of their proposed findings of fact

and conclusions of law on a computer disk in WordPerfect or

**United States District Court**

For the Northern District of California

ASCII format.  The disk label should include the name of the

parties, the case number and a description of the document.

JURY SELECTION

     The Jury Commissioner will summon 20 to 25 prospective

jurors.  The Courtroom Deputy will select their names at random

and seat them in the courtroom in the order in which their names

are called.

     Voir dire will be asked of sufficient venire persons so

that eight (or more for a lengthy trial) will remain after all

peremptory challenges and an anticipated number of hardship

dismissals and cause challenges have been made.

     The Court will then take cause challenges, and discuss

hardship claims from the individual jurors, outside the presence

of the venire.  The Court will inform the attorneys which

United States District Court

For the Northern District of California

1
2
hardship claims and cause challenges will be granted, but will

3
4
not announce those dismissals until the process is completed.

5
6
Each side may then list in writing up to three peremptory

7
8
challenges.  The attorneys will review each other's lists and

9
10
then submit them to the Courtroom Deputy.

11
12
        Then, from the list of jurors in numerical order, the Court

13
14
will strike the persons with meritorious hardships, those

15
16
excused for cause, and those challenged peremptorily, and call

17
18
the first eight people in numerical sequence remaining.  Those

19
20
people will be the jury.

21
22
        All jurors remaining at the close of the case will

23
24
deliberate.  There are no alternates.

25
26
SANCTIONS

27
28

United States District Court

For the Northern District of California

Failure to comply with this Order is cause for sanctions

under Federal Rule of Civil Procedure 16(f).

IT IS SO ORDERED.

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: _____

s/CLAUDIA  WILKEN

CLAUDIA WILKEN

UNITED STATES DISTRICT JUDGE

<u>JUROR QUESTIONNAIRE</u>

Please fill out this form as completely as possible and print clearly.  Since we want to make copies for the attorneys and the Court, do not write on the back of any page.  If you need more room, continue at the bottom of the page.  Thank you for your cooperation.

1.    Your name: _____

2.    Your age: _____

3.    The city where you live: _____

4.    Your place of birth: _____

5.    Do you rent or own your own home? _____

6.    Your marital status: (circle one)

      single   married   separated        divorced      widowed

7.    What is your occupation, and how long have you worked in it?  (If you are retired, please describe your main

**United States District Court**
For the Northern District of California

occupation when you were working).

_____

_____

8.    Who is (or was) your employer?

_____

9.    How long have you worked for this employer? _____

10.   Please list the occupations of any adults with whom you
      live.

_____

11.   If you have children, please list their ages and sex and,
          if they are employed, please give their occupations.

_____

_____

_____

**United States District Court**
For the Northern District of California

12.   Please describe your educational background:

Highest grade completed: _____

College and/or vocational schools you have attended:

_____

_____

_____

_____

Major areas of study:_____

13. Have you ever served on a jury before? _____   How many

times?_____

If yes:  State/County Court _____  Federal Court _____

When? _____

Was it a civil or criminal case? _____

Did the jury(ies) reach a verdict? _____

(rev. 9/4/02)

United States District Court
For the Northern District of California